| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Nicholas Gebelt**<br>**15150 Hornell Street**<br>**Whittier, CA 90604**<br>**(562) 777-9159 Fax: (562) 946-1365**<br>California State Bar Number: 217362<br>ngebelt@goodbye2debt.com<br><br>☑ *Attorney for:*  EPH Konigsberg Trust | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>      **Konigsberg Instruments, Inc.**<br><br><br><br><br>                                                 Debtor(s). | CASE NO.: **2:15-bk-10182-BR**<br><br>CHAPTER __7__<br><br>---<br>**NOTICE OF OBJECTION TO CLAIM 3**<br>---<br>DATE:        **August 19, 2015**<br>TIME:        **10:00 a.m.**<br>COURTROOM: 1668<br>PLACE:       255 E. Temple Street<br>                    Los Angeles, CA  90012 |

1.  TO Hy Quang Do (Claim 3):

2.  NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim # _3_ ) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3.  **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:  July 1, 2015

**Law Offices Of Nicholas Gebelt**
Printed name of law firm

*Nicholas Gebelt*
Signature

Date Notice Mailed:  **July 1, 2015**

**Nicholas Gebelt 217362**
Printed name of attorney for objector

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2012                                                   Page 1                                          **F 3007-1.1.NOTICE.OBJ.CLAIM**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Law Offices of Nicholas Gebelt
15150 Hornell Street
Whittier, CA 90604**

A true and correct copy of the foregoing document entitled (specify): __**NOTICE OF OBJECTION TO CLAIM 3**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **07/01/2015** , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Carmela Pagay on behalf of Trustee Rosendo Gonzalez (TR) ctp@lnbrb.com
Mark J Markus on behalf of Debtor Konigsberg Instruments, Inc. bklawr@bklaw.com, markjmarkus@gmail.com
Rosendo Gonzalez (TR) rgonzalez@ecf.epiqsystems.com, dgomez@gonzalezplc.com
Timothy J Yoo on behalf of Trustee Rosendo Gonzalez (TR) tjy@lnbyb.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On  **07/01/2015** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Barry Russell, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012
Hy Quang Do, 303 Monson Lane, #D, San Gabriel, CA  91776**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **July 1, 2015** | **Nicholas Gebelt 217362** | /s/ Nicholas Gebelt |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2012                                                                Page 2                                          **F 3007-1.1.NOTICE.OBJ.CLAIM**

LAW OFFICES OF NICHOLAS GEBELT
NICHOLAS W. GEBELT  (SBN 217362)
15150 Hornell Street
Whittier, California 90604
Telephone:  (562) 777-9159
Facsimile:  (562) 946-1365
Email:        ngebelt@goodbye2debt.com

Attorney for Creditor, EPH Konigsberg Trust

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>KONIGSBERG INSTRUMENTS, INC. | Bk. No. 2:15-bk-10182-BR<br><br>Chapter 7<br><br>**CREDITOR EPH KONIGSBERG TRUST'S OBJECTION TO THE CLAIM OF HY QUANG DO (CLAIM NUMBER 3);**<br><br>**DECLARATION OF SANDRA ANDREWS IN SUPPORT THEREOF**<br><br>Date:  August 19, 2015<br>Time:  10:00 a.m.<br>Place:  Courtroom 1668<br>        255 E. Temple Street<br>        Los Angeles, CA  90012 |

**THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; CHAPTER 7 TRUSTEE, MR. ROSENDO GONZALEZ; CREDITOR, HY QUANG DO (CLAIM 3); AND ALL PARTIES IN INTEREST:**

        Please take notice that Creditor, EPH Konigsberg Trust, hereby files this Objection To The Claim Of  Hy Quang Do (Claim 3) ("Objection").

        The Objection is based on the discussion provided below, the attached Memorandum Of Points And Authorities, and on such other argument as may be made by counsel at the time of the hearing.

        Please take further notice that pursuant to Local Bankruptcy Rule 9013-1(f), any

1   opposition to this Objection shall be in writing, and should be filed and served no later than

2   fourteen (14) days prior to the date of the hearing.  Papers not timely filed and served may be

3   deemed by the Court to be consent to the sustaining of this Objection.

4   **I.      THE PARTIES:**

5          1.      EPH Konigsberg Trust (the "Trust") is an unsecured creditor of Chapter 7

6   Debtor, Konigsberg Instruments, Inc. ("Konigsberg"), and is located at 933 21st Street, #12,

7   Santa Monica, CA 90403.

8          2.      Hy Quang Do ("Do") is an unsecured creditor of Konigsberg, who resides at 303

9   Monson Lane, #D, San Gabriel, CA  91776.

10  **II.     JURISDICTION:**

11      **A.      Subject Matter Jurisdiction**

12         The Trust is filing this Objection pursuant to 11 U.S.C. § 502(a), Fed. R. Bankr. Proc.

13  3007(a), and LBR 3007-1(a).  As such, the Motion arises in a case under title 11, so this Court has

14  jurisdiction to adjudicate the matter pursuant to 28 U.S.C. § 157(b)(1).

15      **B.      *In Personam* Jurisdiction**

16         This Court has personal jurisdiction over Do by virtue of Do having filed a proof of claim

17  in the case.  *See, e.g., Granfinanciera, SA v. Nordberg*, 492 U.S. 33, 59 n.14 (1989) (". . . by

18  submitting a claim against the bankruptcy estate, creditors subject themselves to the court's

19  equitable power to disallow those claims . . .").

20  **III.    STANDING:**

21         The Trust is a creditor of Konigsberg because it made several prepetition loans to

22  Konigsberg, and has filed four separate proofs of claim (Claims 20 – 23) in the case.  Therefore,

23  pursuant to 11 U.S.C. § 502(a) it has standing to file this Objection ("A claim or interest, proof of

24  which is filed under section 501 of this title, is deemed allowed, unless a party in interest,

25  including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7

26  of this title, objects.").

27  **IV.     TIMELINESS OF OBJECTION:**

28         According to the docket report for Konigsberg's Chapter 7 case, the deadline for

2

1  nongovernmental entities to file claims is June 29, 2015. A true and correct copy of the docket

2  report is attached as Exhibit A.

3      Moreover, although there is a claims bar date, there is no such limit to filing an objection

4  to a proof of claim. *See, e.g., Ashford v. Consol. Pioneer Mortgage (In re Consol. Pioneer*

5  *Mortgage)*, 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995) ("Unlike a proof of claim, which must be

6  filed before the bar date, an objection to a proof of claim may be filed at any time."). Therefore,

7  this Objection is timely.

8  **V.     SUMMARY OF THE OBJECTION:**

9      Do was an employee of Konigsberg. The entirety of Do's claim is for vacation allegedly

10  accumulated prepetition. This Objection challenges the legitimacy of the amount of the claim,

11  and the portion of the claim entitled to priority on the following grounds:

12     **A.  Do's Claim For Unused Vacation That Accrued More Than Twelve Months Prior**

13         **To Konigsberg's Petition Date Is Invalid**

14      Do's employment relationship with Konigsberg was governed by the Employee Handbook

15  (the "Handbook").

16      The first sentences of the first and third paragraphs of page 1 of the Handbook state:

17         The purpose of this Handbook is to set forth the current standards, terms,
18         and conditions of employment for hourly employees of Konigsberg
           Instruments, Incorporated (KI). . . . Employees are expected to acquaint
19         themselves fully with the contents of this Handbook so that their
           employment relationship is based on a good understanding of KI's
20         personnel policies.

21      A true and correct copy of page 1 of the Handbook is attached as Exhibit B.

22      Thus, the Handbook was the sole source for all policies governing the relationship that Do

23  had with Konigsberg.

24      Page 5 of the Handbook contains the conditions under which Konigsberg's employees

25  received vacation benefits. A true and correct copy of page 5 of the Handbook is attached as

26  Exhibit C.

27         **1.     Accrual Rate For Vacation Hours**

28      The second sentence of the first paragraph of page 5 of the Handbook states: "Vacation

3

benefits are accrued on a month to month basis, for each complete calendar month worked."

The fourth paragraph of page 5 of the Handbook states:

The vacation benefits schedule is: .................Accrual hours per month

| | | |
|---|---|---|
| After one year of service | 10 days per year | 6.67 |
| After five years of service | 15 days per year | 10.00 |
| After ten years of service | 18 days per year | 12.00 |

Therefore, even assuming that Do worked for Konigsberg for ten or more years, the maximum number of vacation hours Do could have accumulated during the one-year prepetition period is 144 hours (= 18 days × 8 hours/day = 12.00 hours/month × 12 months).

2.    Expiration Of Vacation Hours

The first sentence of the fifth paragraph of page 5 of the Handbook states: "The taking of vacation days earned during a calendar year may not be deferred more than 12 months after the end of that calendar year." Thus, according to the terms of employment, vacation hours expire after twelve months. Consequently, any claim for vacation hours exceeding the annual maximum of 144 hours is invalid.

Do claimed vacation hours of 191.66 in Claim 3. To the extent that Do included a claim for an amount for more than 144 vacation hours, the claim is invalid. Therefore, the Court must deny 47.66 (= 191.66 - 144) of the claimed vacation hours.

**B.    Do's Claim For Vacation Earned More Than 180 Days Prior To Konigsberg's Petition Date Is A Nonpriority Claim**

Based on the above calculations that were made according to the terms of the Handbook, the maximum number of vacation hours Do could have accumulated during the 180-day prepetition period is 72 hours (= 9 days × 8 hours/day = 12.00 hours/month × 6 months).

Do included a priority claim for vacation hours earned more than 180 days prior Konigsberg's petition date and the date of the Konigsberg's cessation of business. Pursuant to 11 U.S.C. § 507(a)(4), such a claim is a nonpriority claim.

**VI.    STATEMENT OF FACTS:**

1.    Do was an employee of Konigsberg during the twelve-month prepetition period.

4

1    2.    Konigsberg ceased its business operations on January 9, 2015.

2    3.    Konigsberg filed for Chapter 7 protection on January 9, 2015.

3    4.    On February 10, 2015, Do filed a proof of claim in the Konigsberg Chapter 7

4    bankruptcy case as Claim 3 ("Claim 3"). A true and correct copy of Claim 3 is attached as

5    Exhibit D.

6    5.    In item 5 on the first page of Claim 3, Do stated that $4,264.43, the total amount

7    claimed, was a priority claim.

8    6.    On page 3 of Claim 3, Do stated: "I, Hy Quang Do, am filing a proof of claim. I

9    am filing to be paid my vacation hours due to me by Konigsberg Instruments, Inc. Konigsberg

10    Instruments had shut down and laid off all employees without paying out our vacation hours. I

11    have 191.66 of vacation hours accumulated, at $22.25/hour, which totals to approximately

12    $4,264.43."

13    7.    The last page of Claim 3 is a copy of what appears to be Do's last prepetition pay

14    stub. That paystub lists accrued vacation hours of 191.66, which appears to be Do's source for

15    the number of accumulated vacation hours.

16    8.    Page 1 of the Handbook stated that the Handbook governed Konigsberg's

17    relationships with its hourly employees.

18    9.    Page 5 of the Handbook stated Konigsberg's vacation hour policy.

19    10.    The in-house software that Konigsberg used to process payroll contained an error

20    that failed to incorporate the vacation hour policy of the Handbook into the printing of paystubs.

21    11.    Based on page 5 of the Handbook, the maximum number of hours Do could claim

22    for vacation is 144, which at $22.25/hour totals $3,204.

23    12.    Based on page 5 of the Handbook, the maximum number of hours Do could claim

24    for the 180-day prepetition period is 72 hours, which at $22.25/hour totals $1,602.

25    **VII.    MEMORANDUM OF POINTS AND AUTHORITIES:**

26    **A.    Statutory Authority:**

27    1.    <u>Authority To Object To Claims</u>

28    The Bankruptcy Code states: "A claim or interest, proof of which is filed under section

5

1  501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general

2  partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." 11 U.S.C.

3  § 502(a).

4       Therefore, as a creditor of Konigsberg, the Trust is a party in interests and is entitled to

5  challenge the claim of Do.

6             2.    <u>Vacation Hours As A Priority Claim</u>

7  The Bankruptcy Code affords fourth level priority status to

8        [A]llowed unsecured claims, but only to the extent of $12,475 for each
         individual or corporation, as the case may be, earned within 180 days
9        before the date of the filing of the petition or the date of the cessation of
         the debtor's business, whichever occurs first, for — . . . vacation . . .
10      earned by an individual.

11  11 U.S.C. § 507(a)(4)(A).

12       Therefore, any vacation earned more than 180 days prior to the petition date cannot be

13  given priority status.

14             3.    <u>Case Law On Burdens Of Proof</u>

15  The Third Circuit Court of Appeals held:

16        If the objector produces sufficient evidence to negate one or more of the
17      sworn facts in the proof of claim, the burden reverts to the claimant to
         prove the validity of the claim by a preponderance of the evidence. The
18      burden of persuasion is always on the claimant.

19  *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). *See also In re Pugh*,

20  157 B.R. 898, 901 (B.A.P. 9th Cir. 1993) (holding that claimant bears ultimate burden of

21  persuasion as to validity and amount of the claim by a preponderance of the evidence). *See*

22  *generally* Barry Russell, *Bankruptcy Evidence Manual*, §§ 301.13, 301.47 (West 1994-95 ed.).

23       Therefore, since the Trust has produced the relevant portion of the Handbook that refutes

24  both the total dollar amount of Claim 3 and the priority dollar amount of Claim 3, Do now has

25  the burden of persuading the Court of the legitimacy of Claim 3.

26       Moreover, LBR 3007-1(b)(6) provides: "If the claimant does not timely file and serve a

27  response, the court may sustain the objection without a hearing." Therefore, if Do does not

28  timely respond to this Objection, the Trust respectfully asks the Court to grant it the relief

6

1  requested in this Objection.

2       **B.**    **Basis For Claim 3:**

3       Do clearly stated that Claim 3 was solely for vacation hours allegedly earned while Do

4  was employed at Konigsberg.  Therefore, the terms of employment must be used to determine

5  the legitimacy of the claim.  The terms of employment were clearly stated in the Handbook, and

6  the terms of the vacation benefit were clearly stated on page 5 of the Handbook.  Based on the

7  statements on page 1 of the Handbook, the Handbook trumps any software error in the

8  preparation of Do's last paycheck.

9       **C.**    **Claim 3 Is Inflated:**

10      Based on the Handbook, the maximum number of vacation hours Do could have

11  accumulated as of the petition date was 144.  As stated in Claim 3, Do's hourly rate was $22.25.

12  Therefore, the maximum vacation amount Do could legitimately claim is $3,204.

13      **D.**    **Claim 3's Priority Amount Is Inflated:**

14      Based on the Handbook, the maximum number of vacation hours Do could have

15  accumulated during the 180-day prepetition period was 72.  As stated in Claim 3, Do's hourly

16  rate was $22.25.  Therefore, the maximum vacation amount Do could legitimately assert as a

17  priority claim is $1,602.  Therefore, the remaining $1,602 of the $3,204 must be classified as a

18  nonpriority claim.

19  **VIII.**    **CONCLUSIONS:**

20      Do filed a claim for 191.66 hours of vacation.  The maximum amount Do can claim for

21  vacation hours is 144 hours.  Therefore, 47.66 of the claimed hours must be denied.  Therefore,

22  the Court must deny Claim 3 to the extent that the total claimed amount exceeds $3,204.

23      Do included $4,264.43 as a priority claim.  The maximum Do can claim as a priority claim

24  for vacation earned during the 180-day prepetition is $1,602.  Therefore, the Court must reduce

25  the priority amount to $1,602.  The Court must then reclassify the remaining $1,602 (= $3,204 -

26  $1,602) as a nonpriority claim.

27

28

## IX.    **RELIEF REQUESTED:**

The Trust respectfully asks the Court to deny Claim 3 to the extent the claimed amount exceeds $3,204, and bifurcate the $3,204 into a priority claim of $1,602 and a nonpriority claim of $1,602.

DATED:  July 1, 2015.                    Respectfully submitted,

LAW OFFICES OF NICHOLAS GEBELT

By: _____
                    Nicholas W. Gebelt
            Attorney for EPH KONIGSBERG TRUST

8

02-27-15-01-NWG

## DECLARATION OF SANDRA ANDREWS

I, Sandra Andrews, declare as follows:

I am a trustee for the EPH Konigsberg Trust.

I have read the Objection to which this Declaration is attached and declare that its content is true and correct to the best of my knowledge, information, and belief.

In light of the facts and arguments stated in the Objection, I respectfully ask this Court deny Claim 3 to the extent that it exceeds $3,204, find that $1,602 of the $3,204 is a priority claim, and reclassify the remaining $1,602 as a nonpriority claim

Executed on June 22, 2015 at Whittier, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

_Sandra Andrews_
Sandra Andrews

9

# Exhibit A

Docket Report

## U.S. Bankruptcy Court
## Central District Of California (Los Angeles)
## Bankruptcy Petition #: 2:15-bk-10182-BR

|                                   |                    |
| --------------------------------- | ------------------ |
| *Date filed:*                     | 01/07/2015         |
| *341 meeting:*                    | 03/16/2015         |
| *Deadline for filing claims:*     | 06/29/2015         |
| *Deadline for filing claims (govt.):* | 07/06/2015     |

*Assigned to:* Barry Russell
Chapter 7
Voluntary
Asset

**Debtor**
**Konigsberg Instruments, Inc.**
1017 S. Mountain Ave.
Monrovia, CA 91016
LOS ANGELES-CA
Tax ID / EIN: 95-2634413

represented by **Mark J Markus**
Law Office of Mark J. Markus

11684 Ventura Blvd Ste 403
Studio City, CA 91604-2652
818-509-1173
Email: bklawr@bklaw.com

**Trustee**
**Rosendo Gonzalez (TR)**
Gonzalez & Associates
530 S. Hewitt Street, Suite 148
Los Angeles, CA 90013
(213) 452-0071

represented by **Carmela Pagay**
Levene Neale Bender et al
10250 Constellation Bl
Ste1700
Los Angeles, CA 90067
310-229-1234
Fax : 310-229-1244
Email: ctp@lnbrb.com

**Timothy J Yoo**
Levene Neale Bender Rankin
& Brill LLP
10250 Constellation Blvd Ste
1700
Los Angeles, CA 90067
310-229-1234
Fax : 310-229-1244
Email: tjy@lnbyb.com

**U.S. Trustee**
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
| --- | --- | --- |
| | <u>34</u><br>(46 pgs) | Declaration re: non opposition *Declaration Re: Entry Of Order Without Hearing Pursuant To LBR 9013-1 (o) [Attached proof of service]* Filed by Trustee |

| | | |
|---|---|---|
| 03/23/2015 | | Rosendo Gonzalez (TR) (RE: related document(s)30 Motion to Approve Compromise Under Rule 9019 /*Chapter 7 Trustees Motion To Approve Compromise Of Controversy; Memorandum Of Points And Authorities; And Declaration In Support Thereof [Attached proof of service]*). (Yoo, Timothy) (Entered: 03/23/2015) |
| 03/24/2015 | 35 (2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee Rosendo Gonzalez (TR). Proofs of Claims due by 6/29/2015. Government Proof of Claim due by 7/6/2015. (Gonzalez (TR), Rosendo) (Entered: 03/24/2015) |
| 03/24/2015 | 36 | Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee Rosendo Gonzalez (TR) (RE: related document(s) 7 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341 (a) Meeting Continued to be held on 02/19/15 at 10:00 AM at RM 4, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. Debtor appeared. (Gonzalez (TR), Rosendo)). (Gonzalez (TR), Rosendo) (Entered: 03/24/2015) |
| 03/26/2015 | 37 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 35 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Rosendo Gonzalez (TR)) No. of Notices: 72. Notice Date 03/26/2015. (Admin.) (Entered: 03/26/2015) |
| 03/27/2015 | 38 (2 pgs) | Order Granting Trustee's Application To Employ Grobstein Teeple LLP AS Accountants (BNC-PDF) (Related Doc # 19) Signed on 3/27/2015. (Francis, Dawnette) (Entered: 03/27/2015) |
| 03/29/2015 | 39 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)38 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 03/29/2015. (Admin.) (Entered: 03/29/2015) |
| 04/01/2015 | 40 (2 pgs) | Order Granting Motion to Approve Compromise under Rule 9019 (BNC-PDF) (Related Doc # 30) Signed on 4/1/2015. (Fortier, Stacey) (Entered: 04/01/2015) |
| | 41 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)40 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of |

| | | |
|---|---|---|
| 04/03/2015 | | Notices: 1. Notice Date 04/03/2015. (Admin.) (Entered: 04/03/2015) |
| 04/09/2015 | 42 (54 pgs) | Declaration re: /*Declaration Of Rosendo Gonzalez, Chapter 7 Trustee Regarding Report Of Auctioneer [Attached proof of service]* Filed by Trustee Rosendo Gonzalez (TR). (Yoo, Timothy) (Entered: 04/09/2015) |
| 04/15/2015 | 43 (21 pgs) | Motion /*Motion Of Chapter 7 Trustee For Authority To Make Interim Distribution To The Undisputed Priority Creditors; Memorandum Of Points And Authorities; Declaration Of Rosendo Gonzalez In Support Thereof [Attached proof of service]* Filed by Trustee Rosendo Gonzalez (TR) (Yoo, Timothy) (Entered: 04/15/2015) |
| 04/15/2015 | 44 (7 pgs) | Notice of Hearing /*Notice Of Chapter 7 Trustees Motion For Authority To Make Interim Distribution To The Undisputed Priority Creditors [Attached proof of service]* Filed by Trustee Rosendo Gonzalez (TR) (RE: related document(s)43 Motion /*Motion Of Chapter 7 Trustee For Authority To Make Interim Distribution To The Undisputed Priority Creditors; Memorandum Of Points And Authorities; Declaration Of Rosendo Gonzalez In Support Thereof [Attached proof of service]* Filed by Trustee Rosendo Gonzalez (TR)). (Yoo, Timothy) (Entered: 04/15/2015) |
| 04/16/2015 | 45 | Hearing Set (RE: related document(s)43 Generic Motion filed by Trustee Rosendo Gonzalez (TR)) The Hearing date is set for 5/6/2015 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Mendoza, Maria Patricia) (Entered: 04/16/2015) |
| 04/20/2015 | 46 (6 pgs) | Notice of Hearing /*Amended Notice Of Chapter 7 Trustees Motion For Authority To Make Interim Distribution To The Undisputed Priority Creditors [Attached proof of service]* Filed by Trustee Rosendo Gonzalez (TR) (RE: related document(s)43 Motion /*Motion Of Chapter 7 Trustee For Authority To Make Interim Distribution To The Undisputed Priority Creditors; Memorandum Of Points And Authorities; Declaration Of Rosendo Gonzalez In Support Thereof [Attached proof of service]* Filed by Trustee Rosendo Gonzalez (TR)). (Pagay, Carmela) (Entered: 04/20/2015) |

| | | |
|---|---|---|
| 04/21/2015 | 47 | Hearing Set (RE: related document(s)43 Generic Motion filed by Trustee Rosendo Gonzalez (TR)) The Hearing date is set for 5/19/2015 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Francis, Dawnette) (Entered: 04/21/2015) |
| 05/13/2015 | 48 (1 pg) | Notice to creditors (BNC) NOTICE IS HEREBY GIVEN that the hearing regarding Trustee's motion for authority to make interim distribution to undisputed priority creditors 43, previously scheduled for 10:00 a.m. on May 19, 2015 will now be heard at 1:00 p.m. in Courtroom 1668, 255 E. Temple Street, Los Angeles, CA 90012 (Vandensteen, Nancy) (Entered: 05/13/2015) |
| 05/14/2015 | 49 (6 pgs) | Notice of Hearing /Notice Of Rescheduled Hearing On Chapter 7 Trustees Motion For Authority To Make Interim Distribution To The Undisputed Priority Creditors [Attached proof of service] Filed by Trustee Rosendo Gonzalez (TR) (RE: related document(s)43 Motion /Motion Of Chapter 7 Trustee For Authority To Make Interim Distribution To The Undisputed Priority Creditors; Memorandum Of Points And Authorities; Declaration Of Rosendo Gonzalez In Support Thereof [Attached proof of service] Filed by Trustee Rosendo Gonzalez (TR)). (Pagay, Carmela) (Entered: 05/14/2015) |
| 05/16/2015 | 50 (3 pgs) | BNC Certificate of Notice (RE: related document(s) 48 Notice to creditors (BNC)) No. of Notices: 73. Notice Date 05/16/2015. (Admin.) (Entered: 05/16/2015) |
| 05/29/2015 | 51 (2 pgs) | Order Granting Motion (BNC-PDF) (Related Doc # 43 ) Signed on 5/29/2015 (Fortier, Stacey) (Entered: 05/29/2015) |
| 05/31/2015 | 52 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)51 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 05/31/2015. (Admin.) (Entered: 05/31/2015) |
| 06/21/2015 | 53 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) -- on behalf of U.S. TelePacific Corp. -- Filed by Bovitz, J. (Bovitz, J) (Entered: 06/21/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/21/2015 15:04:23 | | | |
| **PACER Login:** | ng0307:2828522:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:15-bk-10182-BR Fil or Ent: filed From: 3/23/2015 To: 6/22/2015 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# Exhibit B

Page 1 Of The Handbook

# INTRODUCTION

The purpose of this Handbook is to set forth the current standards, terms, and conditions of employment for the hourly employees of Konigsberg Instruments, Incorporated (KI). This Handbook should serve as a guide for such employees in their work activities and relationships, so that the objectives of both KI (the Company) and individual employees can be achieved.

KI's policy is to hire the best qualified person available for employment, to base continuation of employment on effective employee performance, proper personal conduct at work, the Company's need for work performed, and the availability of KI revenues. All employees are subject to termination at will, with or without advance notice to the employee, at the discretion of the Company, unless otherwise specified in writing as a prescribed employment term, mutually agreed upon between the Company and the employee. Employees may resign at will, with or without advance notice to the Company, unless otherwise specified in writing as noted above.

Employees are expected to acquaint themselves fully with the contents of this Handbook so that their employment relationship is based on a good understanding of KI's personnel policies.

The procedures and regulations noted in this Handbook may be amended and updated by the Company at any time. When such amendment occurs, employees shall be notified of such changes. When differences exist between this Handbook and subsequent amendment(s), the amendment(s) shall be the governing document(s).

Should circumstances arise that are insufficiently addressed in this Handbook, such cases should be brought to Management's attention by the affected employee. In such cases KI will endeavor to make revisions to the Handbook, if required, or issue personnel decisions which are fair and equitable.

Employees are encouraged to offer suggestions for improvement of personnel policies, employment practices, and/or working conditions.

This Handbook, however, cannot anticipate every situation or answer every question about employment. It is not an employment contract. In order to retain necessary flexibility in the administration of policies and procedures, the Company reserves the right to change or revise policies and procedures described in this handbook without notice whenever the Company determines that such revision is warranted.

# Exhibit C

Page 5 Of The Handbook

# BENEFITS

## VACATIONS

Annual vacation benefits increase with the length of service with the Company, per the schedule below. Vacation benefits are accrued on a month to month basis, for each complete calendar month worked. Vacation benefits earned during the first calendar month of employment begin from the first day of employment but are pro-rated in proportion to the actual days worked in the first calendar month employed.

An employee may not use his or her accrued vacation time pay until that employee has been employed by KI for 6 consecutive months. If an employee is terminated prior to six month's employment, vacation time earned will be paid at the time of issuance of that employee's final paycheck.

The Company requires that a request for vacation time (paid or unpaid) be made by an employee, in writing, to his or her supervisor, one month in advance of the desired period of time off. Since it is important that there be a relatively uninterrupted flow of work in the Company, that employee may be required by his or her supervisor or Management to adjust his or her preferred vacation dates so that individual vacations in a working group do not unduly overlap. Employees should try to schedule vacations during non-peak business periods.

The vacation benefits schedule is: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Accrual hours per month

| After one year of service | 10 days per year | 6.67 |
| After five years of service | 15 days per year | 10.00 |
| After ten years of service | 18 days per year | 12.00 |

The taking of vacation days earned during a calendar year may not be deferred more than 12 months after the end of that calendar year. The Company will notify an employee if/when employee has accumulated the maximum vacation days and if the Company requires that the employee's work schedule precludes his or her taking accrued vacation in time, and such requirement does not violate applicable government regulations, then the Company will grant the employee pay in lieu of vacation credits earned.

Regular part-time employees accrue the same vacation benefits and are subject to the same qualifications and restrictions in receiving such benefits as regular full-time employees, except that part-time employee benefits are accrued and received on a pro-rate basis compared to these benefits for full-time employees.  (For example, an employee working a 32 hour week would receive 2 weeks pay for 32 hours per week after one year's service.)

## HOLIDAYS

The following paid holidays are granted by the Company:

| New Year's Day † | Thanksgiving Day |
| Memorial Day | Day after Thanksgiving * |
| Fourth of July | Christmas Day † |
| Labor Day | Day after Christmas * † |

* Management decides by the end of September if it will take either the day after Thanksgiving or the day before or after Christmas as a paid holiday.

† See Section "Christmas to New Year Plant Closing", below.

# Exhibit D

The Proof Of Claim

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:**
Konigsberg Instruments, Inc.

**Case Number:**
2:15-bk-10182-BR

**FILED**

**FEB 1 0 2015**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Hy Quang Do

**Name and address where notices should be sent:**

303 Monson Ln #D
San Gabriel, CA91776

Telephone number: (626) 679-3907     email: dohy5365@yahoo.com

**Name and address where payment should be sent (if different from above):**
Same as Above

Telephone number:              email:

**COURT USE ONLY**

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
   (*If known*)

Filed on: _____

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**     $_____4,264.43

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Vacation Benefits Basedon Wages
   (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**   7 9 9 0 | **3a. Debtor may have scheduled account as:**  (See instruction #3a) | **3b. Uniform Claim Identifier (optional):**  (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❏ Real Estate   ❏ Motor Vehicle   ❏ Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate_____%** ❏ Fixed  or  ❏ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____4,264.43

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13) 2

**7. Documents:** Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and *redacted* copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (*See instruction #7, and the definition of "redacted".*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **Hy Quang Do**
Title: **Electronic Technician**
Company: _____
Address and telephone number (if different from notice address above):
~~Sam As Above~~ _____

_(signature)_ Hy Quang Do    02/09/2015
(Signature)    (Date)

Telephone number: _____    email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Thursday, February 9, 2015

Case #2:15-bk-10182-BR

To Whom This May Concern:

I, Hy Quang Do, am filing a proof of claim.  I am filing to be paid my vacation hours due to me by Konigsberg Instruments, Inc.

Konigsberg Instruments had shut down and laid off all employees without paying out our vacation hours.  I have 191.66 hours of vacation accumulated, at $22.25/hour, which totals to approximately $4,264.43

Sincerely,

Hy Quang Do

WAJ: 0000226 516810        0000420004 1

# Earnings Statement

**KONIGSBERG INSTRUMENTS, INC.**
1017 S. MOUNTAIN AVE
MONROVIA, CA 91016-3642
COMPANY PH#:626-775-6500

| | |
|---|---|
| Period Beginning: | 09/29/2014 |
| Period Ending: | 10/12/2014 |
| Pay Date: | 10/16/2014 |

Taxable Marital Status:  Single
Exemptions/Allowances:
Federal:      2
CA:           2

**HY QUANG DO**
948 W. HUNTINGTON DR
#13
ARCADIA, CA 91007

Social Security Number: XXX-XX-7990

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 22.2500 | 80.00 | 1,780.00 | 33,252.66 |
| Overtime | | | | 4,589.07 |
| Holiday | | | | 890.00 |
| Sick | | | | 2,503.15 |
| Vacation | | | | 734.27 |
| **Gross Pay** | | | **$1,780.00** | 41,969.15 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Sick Balance | | 43.60 |
| Vac Balance | | 191.66 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -176.43 | 4,743.70 |
| | Social Security Tax | -104.34 | 2,474.31 |
| | Medicare Tax | -24.40 | 578.67 |
| | CA State Income Tax | -50.18 | 1,477.60 |
| | CA SUI/SDI Tax | -16.83 | 399.08 |
| | **Other** | | |
| | Garnishment | -235.84 | 4,952.64 |
| | Pretax Dental | -15.17* | 341.24 |
| | Pretax Medical | -81.89* | 1,719.69 |
| | **Net Pay** | **$1,074.92** | |
| | Checking | -1,074.92 | |
| | **Net Check** | **$0.00** | |

* Excluded from federal taxable wages

Your federal taxable wages this period are
$1,682.94

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

© 2000 ADP, LLC

KONIGSBERG INSTRUMENTS, INC.
1017 S. MOUNTAIN AVE
MONROVIA, CA 91016-3642
COMPANY PH#:626-775-6500

| | |
|---|---|
| Advice number: | 00000420004 |
| Pay date: | 10/16/2014 |

Deposited to the account of
HY QUANG DO

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxx7796 | xxxx xxxx | $1,074.92 |

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**